UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>RHONDA MARTENS, et al.,<br><br>                              Defendants. | NO: 13-CV-0006-TOR<br><br>ORDER DENYING DEFENDANTS MARTENS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants Martens' Motion to Dismiss with Prejudice (ECF No. 30). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

BACKGROUND

Plaintiff, the United States of America, filed a Complaint on January 4, 2013 seeking to reduce tax assessments against Defendants to judgment, set aside certain fraudulent transfers, establish that trusts employed by Defendants are their alter egos and/or nominees, and foreclose its tax liens upon the subject property

ORDER DENYING DEFENDANTS MARTENS' MOTION TO DISMISS ~ 1

identified in the Complaint. ECF No. 1. Presently before the Court is *pro se* Defendant Jim Martens and *pro se* Defendant Rhonda Martens' (together "Defendants Martens") motion to dismiss for lack of subject matter jurisdiction.[1]

## DISCUSSION

Pursuant to 26 U.S.C. § 7401, "[n]o civil action for the collection or recovery of taxes, or of any fine, penalty or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." 26 U.S.C. § 7401. This authorization is jurisdictional, thus, "[i]f the claimant fails to show compliance with the statute either by the pleadings, or, where the issue is joined, by proof, then the court must dismiss the case." *United States v. One 1972 Cadillac*, 355 F. Supp. 513, 515 (E.D. Ky. 1973).

---

[1] Both parties refer to the possible involvement of Donald MacPherson, Esq. as "sideline counsel" for Defendants. ECF No. 33 at 2 n.1; ECF No. 36 at 3-4. However, Mr. MacPherson has not entered a notice of appearance in this case. As indicated by the Court during the telephonic scheduling conference held on June 27, 2013, Defendants are again cautioned about relying upon counsel that has not filed a notice of appearance in this case and is not licensed in Washington state. *See* ECF No. 34.

Defendants Martens argue that the claims against them should be dismissed for lack of subject matter jurisdiction based on the failure of Plaintiff to provide Defendants with documentary evidence of compliance with 26 U.S.C. §§ 7401 and 7403.  In support of this argument, Defendants Martens rely on a single Ninth Circuit case noting that in the underlying district court action, the government acceded to defendant's motion to dismiss for lack of subject matter jurisdiction after failing to find a written record authorizing two forfeiture actions.  *See United States v. 87 Skyline Terrace*, 26 F.3d 923, 926 (9th Cir. 1994).

Plaintiff responds with redacted copies of multiple letters properly documenting the authority to bring suit as pled in the Complaint.  *See* ECF No. 1.  First, the office of Chief Counsel of the Internal Revenue Service, a delegate of the Secretary, authorized and requested this suit pursuant to two letters dated April 13, 2011 and September 15, 2011.  ECF No. 33-1, Ex. B, C.  Additionally, the Attorney General of the United States directed that this action be commenced as per a letter dated January 4, 2013.  *Id*. at Ex. D.

As an initial matter, the Court notes that Defendants Martens' argument that the failure of Plaintiff to provide *them* with proof of authorization upon *their* request for these documents is misplaced.  Pursuant to Federal Rule of Civil Procedure 26(d)(1), discovery is prohibited prior to a status conference, which neither party contends took place before the filing of the instant motion.  *See* Fed.

ORDER DENYING DEFENDANTS MARTENS' MOTION TO DISMISS ~ 3

R. Civ. P. 26(d)(1); Fed. R. Civ. P. 26(f).  Thus, Defendants Martens have no authority upon which to base their demand for documents showing the requisite authorization.  Moreover, regardless of this misguided premise for bringing the instant motion, the Court finds that Plaintiff's Complaint and the documents attached to their responsive brief are sufficient to show compliance with the 26 U.S.C. § 7401 requirement.  *See Palmer v. Internal Revenue Service*, 116 F.3d 1309, 1311 (9th Cir. 1997)(upholding district court's conclusion that the IRS complied with the applicable procedural requirements based on redacted copies of two letters showing compliance).  Finally, as noted in *Palmer*, Defendants Martens have failed to present evidence to counter the normal presumption of regularity that attaches to the actions of public officers.  *Id*. (citing *United States v. Chem. Found.*, 272 U.S. 1, 14-15 (1926)).  For all of these reasons, the Court denies Defendants Martens' motion to dismiss for lack of subject matter jurisdiction.

As a final matter, the parties dispute whether Defendants Martens' responsive motion was timely. Defendant Jim Martens and Defendant Rhonda Martens were personally served with the summons and complaint on February 27, 2013 and February 21, 2013, respectively.  ECF No. 16, 17.  Pursuant to Federal Rule of Civil Procedure 12(a), Defendants' responsive pleadings were due no later than April 29, 2013 and April 22, 2013.  *See* Fed. R. Civ. P. 12(a)(1)(A)(ii). The parties disagree about whether Defendants Martens and Plaintiff agreed to a formal

ORDER DENYING DEFENDANTS MARTENS' MOTION TO DISMISS ~ 4

extension of time for Defendants to file a responsive pleading. *See* ECF No. 33 at 3; ECF No. 36 at 4. It is undisputed that no formal motion for an extension of time was filed or granted by the Court. That said, the Court agrees to Plaintiff's request that the Court order Defendants Martens to file an answer within 14 days of denial of the instant motion to dismiss. ECF No. 33 at 7; Fed. R. Civ. P. 12(a)(4)(A).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants Martens' Motion to Dismiss with Prejudice, ECF No. 30, is **DENIED**.

2. Defendant Jim Martens and Defendant Rhonda Martens shall file their respective responsive pleadings within fourteen (14) days of the entry of this order.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel and pro se Defendants at their last known address.

**DATED** July 12, 2013.

THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANTS MARTENS' MOTION TO DISMISS ~ 5