UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO:  12-CV-0006-TOR |
|---|---|
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS AGAINST DEFENDANTS JR ZUKIN CORP., TERRY TAYLOR, TAMMY TAYLOR, DAVE SHEELEY, TERESA SHEELEY, JOHN CRAMER, CARRIE CRAMER, MARTENS FAMILY CHURCH AT OMAK DUCK LAKE TRUST, CHURCH AT OMAK AIRPORT TRUST, and FAMILY DEFENSE LEAGUE |
| v. | |
| RHONDA MARTENS, et al., | |
| Defendants. | |

BEFORE THE COURT is Plaintiff's Motion for Default Judgment as

against Defendants JR Zukin Corporation, Terry Taylor, Tammy Taylor, Dave

Sheeley, Teresa Sheeley, John Cramer, Carrie Cramer, Martens Family Church at

Omak Duke Lake Trust, Church at Omak Airport Trust, and Family Defense

League (ECF No. 41).  This matter was submitted for consideration without oral

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT ~ 1

1  argument.  The Court has reviewed the motion and the record and files herein and

2  is fully informed.

3  <center>BACKGROUND</center>

4       This is an action to foreclose on tax liens against two properties which the

5  United States alleges are beneficially owned by Defendants Jim and Rhonda

6  Martens ("the Martens"), but are titled in the name of certain trusts as their

7  nominee, alter ego, or fraudulent transferee.  ECF No. 1 at ¶ 1.  The first property

8  (the "Duck Lake Property") is a residence located at 128 Duck Lake Road in

9  Okanagan County.  Plaintiff alleges that this property was transferred for no

10  consideration to Defendant Martens Family Church at Omak Duck Lake Trust

11  ("Family Church Trust"), whose trustee is Defendant Family Defense League.

12  ECF No. 1 at ¶ 28.  The second property (the "Airport Property") is a 20-acre

13  parcel of undeveloped property adjacent to the Okanagan County airport.  Plaintiff

14  alleges that the Martens acquired a 25% interest in the Airport Property as tenants-

15  in-common with Defendants Dave and Teresa Sheeley ("Sheeleys"), Terry and

16  Tammy Taylor ("Taylors"), and John and Carrie Cramer ("Cramers") on

17  December 19, 2005.  ECF No. 1 at ¶ 19.  Plaintiff alleges that the Martens

18  subsequently quit-claimed their interest in the property for no consideration to

19  Defendant Church at Omak Airport Trust ("Airport Trust"), whose trustee is

20  Family Defense League.  ECF No. 1 at ¶ 30.  Defendant JR Zukin Corporation was

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT ~ 2

named as a defendant because it has recorded a judgment lien against the Martens. ECF No. 41 at 4.

Despite being properly served, the Family Church Trust, Airport Trust, Family Defense League, Sheeleys, Taylors, Cramers, and JR Zurkin Corp. (hereafter the "Non-Appearing Defendants") did not file an answer or otherwise defend within the time limit specified in Federal Rule of Civil Procedure 12(a). Accordingly, the Clerk of Court entered default against them on May 9, 2013. ECF No. 24. As of the date of this Order, the Non-Appearing Defendants have not filed an answer or moved to set aside their default. In the instant motion, Plaintiff asks the Court to extinguish whatever interest the Non-Appearing Defendants may have in the Duck Lake Property and/or the Airport Property.

DISCUSSION

Motions for entry of default judgment are governed by Federal Rule of Civil Procedure 55(b). Rule 55(b)(1) provides that the Clerk of Court may enter default judgment when the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). When the value of the claim cannot be readily determined, or when the claim is for non-monetary relief, the plaintiff must move the court for entry of default judgment. Fed. R. Civ. P. 55(b)(2). In such circumstances, the court has broad discretion to marshal any

evidence necessary in order to calculate an appropriate award.  *See* Fed. R. Civ. P. 55(b)(2)(A)-(D).

The entry of default judgment under Rule 55(b) is "an extreme measure." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002).  "As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).  In determining whether to enter default judgment, a court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72; *see also United States v. VanDenburgh*, 249 F. App'x 664, 665 (2007).  All well pleaded allegations in a complaint are deemed admitted on a motion for default judgment. *Matter of Visioneering Constr.*, 661 F.2d 119, 124 (9th Cir. 1981).

1. Possibility of Prejudice to Plaintiff

Despite having been properly served, the Non-Appearing Defendants have failed to plead or otherwise defend.  As a result, Plaintiff's claims against them cannot move forward on the merits, and Plaintiff's ability to obtain effective relief

has been prejudiced.  This factor weighs in favor of entering default judgment.

2.  Merits of Plaintiff's Substantive Claims

Plaintiff's claims appear to have substantial merit.  Plaintiff alleges that the Martens transferred the Duck Lake Property and the Airport Property to the Family Church Trust for no consideration in an effort to protect the properties from Plaintiff's tax liens.  ECF No. 1 at ¶¶ 16, 28.  Plaintiff further alleges that these transfers were completed with the assistance of Glenn Stoll, an individual who "routinely promotes fraudulent tax evasion schemes, including the use of ministerial trusts . . . to escape tax collection."  ECF No. 1 at ¶¶ 28, 30.

In the instant motion, Plaintiff argues that the Non-Appearing Defendants effectively disclaimed any interest in the subject properties by failing to plead or otherwise defend.  The Court agrees.  Despite receiving notice of Plaintiff's efforts to foreclose upon the properties, the Non-Appearing Defendants failed to assert any interest in them.  By remaining silent, the Non-Appearing Defendants forfeited their right to a portion of the proceeds from a potential future sale of either property.  This factor weighs strongly in favor of entering default judgment.

3.  Sufficiency of the Complaint

The Court finds that the Complaint states a claim upon which relief may be granted in that it is grounded in a cognizable legal theory and alleges sufficient

facts to support that theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  This factor weighs in favor of entering default judgment.

### 4. Sum of Money at Stake

Plaintiff has not sought an award of damages; rather, Plaintiff has asked the Court to order the sale of the subject properties to partially satisfy the Martens' outstanding tax liabilities.  According to public records maintained by the Okanogan County Assessor's Office, the 2014 market values of the Duck Lake Property and the Airport Property are $330,600 and $80,000, respectively.  ECF No. 41-1 at Exhibit 2.

### 5. Possibility of Dispute as to Material Facts

Given that the Non-Appearing Defendants have not answered the Complaint or otherwise participated in this case, there remains a possibility that material facts are disputed.  It bears noting, however, that any such disputed issues of fact are likely to be resolved as Plaintiff's claims against the Martens proceed.  This factor weighs slightly against entering default judgment.

### 6. Whether Default is Attributable to Excusable Neglect

The Court has no means of determining whether excusable neglect contributed to the default of the Non-Appearing Defendants.  Given that each of these Defendants was properly served, however, the Court will presume that

excusable neglect did not play a role.  This factor weighs in favor of entering

default judgment.

### 7. Policy Favoring Decisions on the Merits

Public policy clearly favors resolution of cases on their merits.  *Eitel*, 782

F.2d at 1472; *Westchester Fire*, 585 F.3d at 1189.  Nevertheless, this policy must

eventually yield to the proper administration of justice.  Where, as here, a party

fails to defend on the merits of a claim, entry of default judgment is generally an

appropriate remedy.  Accordingly, the Court will grant Plaintiff's motion and order

that default judgment be entered against the Non-Appearing Defendants.

**IT IS HEREBY ORDERED:**

Plaintiff's Motion for Default Judgment against Defendants JR Zukin

Corporation, Terry Taylor, Tammy Taylor, Dave Sheeley, Teresa Sheeley, John

Cramer, Carrie Cramer, Martens Family Church at Omak Duke Lake Trust

("Family Church Trust"), Church at Omak Airport Trust ("Airport Trust"), and

Family Defense League (collectively the "Non-Appearing Defendants") (ECF No.

41) is **GRANTED**.  The Non-Appearing Defendants have no interest in the

Subject Properties identified in the Complaint.  Any future sale of the Subject

Properties shall take place free and clear of any interests held by the Non-

Appearing Defendants.  The Non-Appearing Defendants are not entitled to any

proceeds stemming from any future sale.

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT ~ 7

1    The District Court Executive is hereby directed to enter this Order, provide

2  copies to counsel, mail a copy to all unrepresented Defendants at their addresses of

3  record, and enter **JUDGMENT** against the Non-Appearing Defendants as

4  specified herein.

5        **DATED** November 7, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT ~ 8