UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>   v.<br><br>JIM L. MARTENS, et al.,<br><br>                              Defendants. | NO:  2:13-CV-0006-TOR<br><br>ORDER GRANTING UNITED STATES' MOTION TO VACATE ORDER OF SALE AS TO "DUCK LAKE PROPERTY" |

BEFORE THE COURT is the United States' Motion to Vacate Order of Sale as to "Duck Lake Property." ECF No. 64. Although this matter is scheduled for consideration without oral argument, the Court finds no reason to delay its order.

Plaintiff United States of America ("United States") moves the Court to vacate the Order of Sale (ECF No. 58) as to the property located at 128 Duck Lake Road, Omak, Washington 98841 ("Duck Lake Property") due to a lack of equity to support the outstanding federal tax liens. ECF No. 64. The United States argues

1  that it would be uneconomical to make any further attempt to sell the Duck Lake
2  Property pursuant to the Order of Sale entered on May 15, 2016.  *Id.* at 5; *see also*
3  ECF No. 58.  Defendants Jim and Rhonda Marten ("Martens") do not oppose the
4  United States' motion.  ECF No. 71 at 4.  However, the Martens seek damages
5  under 26 U.S.C. § 7433(a) against the United States for the Internal Revenue
6  Service's alleged "clear act of harassment" related to the attempted sale of the
7  Duck Lake Property.  *Id.* at 7.  The Martens also allege that the United States'
8  seizure is "a clear violation of 26 U.S.C. § 6331(f), uneconomical levy."  *Id.*
9      The Court does not have jurisdiction over the Martens' contentions.  As an
10 initial matter, the Martens did not assert a counterclaim for damages against the
11 United States, *see* ECF No. 39.  *See* 26 U.S.C. § 7433(a) (stating that a civil action
12 against the United States is the exclusive remedy for recovering damages).  As a
13 result, the Martens' request for damages is not properly before the Court at this
14 juncture; accordingly, the Court will not consider it.
15     Notwithstanding, the Court—having reviewed the record and the United
16 States' motion—finds that there is good cause to grant the United States'
17 unopposed request to vacate the Order of Sale (ECF No. 58) as to the "Duck Lake
18 Property."
19 //
20 //

ORDER GRANTING UNITED STATES' MOTION TO VACATE ORDER OF SALE AS TO "DUCK LAKE PROPERTY" ~ 2

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The United States' Motion to Vacate Order of Sale as to "Duck Lake Property" (ECF No. 64) is **GRANTED**.

2. The Order of Sale (ECF No. 58) is **VACATED** only as to the Duck Lake Property.  The Duck Lake Property is released and discharged from the effect of this litigation. The federal tax liens shall remain on the Duck Lake Property to preserve the United States' junior lien position.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, the file shall remain CLOSED.

**DATED** January 6, 2017.



THOMAS O. RICE
Chief United States District Judge